MOBILE & OHIO RAILROAD COMPANY v. DIXON ETHERIDGE.

RAILROADS. *Stock killed by. Association to secure compensation for. Section 2450 of Code.* The formation of an association to secure reasonable compensation for the unlawful killing or damaging, by a railroad company, of stock belonging to the members of said association, and in case of refusal by the company to pay same, to appeal to the courts and jointly to pay all expenses of the litigation, including the fees of attorneys, is not violative of section 2450, new Code.

FROM M'NAIRY.

Appeal in error from the Circuit Court of McNairy county.   J. F. HUDDLESTON, Sp. J.

J. C. McDEARMON for Railroad Company.

PITTS & HAYS for Etheridge.

TURNEY, J., delivered the opinion of the court.

On June 27, 1885, Etheridge commenced suit before a magistrate to recover damages of the railroad company for killing an ox.

On October 4, 1884, Dixon Etheridge and forty-one others agreed to and signed the following paper:

Railroad. Company *v.* Etheridge.

Whereas, the trains running on the Mobile & Ohio Railroad destroy and maim a great deal of stock of various kinds, and said stock is sometimes killed without any alarm given so that stock might get off the track.

And, whereas, said railroad company have refused to pay only half valuation of stock thus destroyed, and said valuation to be made by the company; therefore,

Resolved 1. We the citizens of Bethel Springs and vicinity, have this day formed ourselves into a company called the Stock Company of Bethel Springs, for the purpose of contending, under the law, for our rights thus infringed upon by said railroad company.

Resolved 2. That this company wages no war upon the railroad, but are friends to and well-wishers to all enterprises that favor the development of the State or nation, and all we want is a fair and just valuation of stock destroyed by said road, and compensation for the same.

Resolved 3. This company shall elect a president and secretary, through whom any communication respecting any business .of this company be addressed, said president to preside over all its deliberations, and the secretary to keep a correct record of all proceedings, and amount of all dues paid in or expended.

Resolved 4. That any person can become a member of this company by paying the sum of fifty cents, and adopting the regulations herein specified.

Resolved 5. That if said Mobile & Ohio Railroad Company refuses to pay a just and fair valuation, by two disinterested parties making affidavit to the same, that this company agrees jointly to carry up said case or cases to the highest court for decision.

Resolved 6. That if this company becomes dissolved for any cause, that money on hand in the hands of its officers be returned, *pro rata,* to those who have contributed the same. This October 4, 1884.

In answer to interrogatories, the plaintiff says: " The object of said company is to secure reasonable compensation for the stock of said company unlawfully killed or damaged by the railroad company, and in case of refusal, by the said railroad company, to pay same, to appeal to the courts, and jointly to pay all expenses of such litigation. The fees of attorneys for plaintiff he expects to be paid out of the funds of said stock company."

Are the terms of the agreement violative of section

Railroad Company *v.* Etheridge.

2450 (M. & V.) Code? "No party plaintiff, or intending to be plaintiff, to a suit at law or in equity, shall promise or agree to pay or give any greater or less sum of money, or any greater or less portion of the thing in litigation, upon any contingency upon the event of the suit." We think not. The contingency does not and can not arise.

The undertaking is only a confederation of citizens along the line of railroad, who, reciting that they have sustained wrong without compensation, agree and resolve to submit not to their repetition, and provide a fund for their several protection. A common fund is raised, and to be raised, for a specific purpose. It is paid in with a view to no particular suit, and with no agreement for an interest in any suit. The amount paid in does not depend upon any contingency growing out of the suit, or upon the event of it, nor do the parties to the agreement promise to give or receive any greater or less sum of money, nor any greater or less portion, nor in fact any portion of the thing in litigation, upon any contingency or upon the event of the suit.

The apparent sole purpose of the association is to secure to each of its members his rights under and by the law, with no interest in such rights passed or pledged to his colleagues.

Attorneys' fees and costs of suit are no more contingent in a suit brought in furtherance of this agreement than in any other suit. The most that can be claimed is, that the agreement is merely an undertaking that they will be sureties for any one or more

that may have to resort to the courts for redress of wrong. If we should declare the amount of fees and costs expended in a cause at the suit of one was a gift on the part of the others, to enable him to prosecute his suit, we must still hold it is no violation of law. We know of no law which prohibits an agreement between parties to donate a given sum of money to each for the prosecution of any meritorious suit he may then or thereafter have.

In view of the statute, which is in lieu of the common law, the rules of common law can give us but little aid. The statute, sections 2451 and 2452, being penal in character, must be strictly construed.

Judgment affirmed.